FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

12 JUN 12 AM 9: 23

ROBERT H. TRCOVICH
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| David Weisberg, | |
| Plaintiff, | Civil Action No.: _____ 1:12CV189 PPS |
| v. | |
| Regional Adjustment Bureau, Inc.; and DOES 1-10, inclusive, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | |

For this Complaint, the Plaintiff, David Weisberg, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, David Weisberg ("Plaintiff"), is an adult individual residing in Berne, Adams County, Indiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Regional Adjustment Bureau, Inc. ("Regional"), is a Tennessee business entity with an address of 7000 Goodlett Farms Parkway, Memphis, Tennessee 38016, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Regional and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Regional at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $35,000.00 (the "Debt") to creditor (the "Creditor") for a student loan.

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Regional for collection, or Regional was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Regional Engages in Harassment and Abusive Tactics

12. Within the last year, Regional contacted Plaintiff in an attempt to collect the Debt.

13. During the initial conversation on or about May 24, 2012, Plaintiff informed Regional that he was currently unemployed and could not afford to pay the Debt. Plaintiff further informed Regional that he is out of work until September of 2012.

14. Despite being informed of Plaintiff's financial hardship, Regional continued calling Plaintiff at an excessive and harassing rate, sometimes calling Plaintiff up to four times a day.

15. On May 29, 2012, Regional placed five calls to Plaintiff within a two-hour time frame.

16. Each time Plaintiff answered Regional's call, there was nobody on the other end with whom Plaintiff could speak.

17. Thereafter, on or about May 29, 2012, Plaintiff called Regional to advise that he had retained counsel and provided Regional with the contact information for his attorney. In response, Regional continued to attempt to collect the Debt, and threatened to file a legal action against Plaintiff immediately if the Debt was not paid by the end of that day.

18. Regional failed to inform Plaintiff of his rights in writing as required by law.

### C. Plaintiff Suffered Actual Damages

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

3

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants continued to attempt to collect the Debt after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

24. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and
5. Such other and further relief as may be just and proper.

Dated: June 1, 2012

Respectfully submitted,

By _____

Amy L Cueller, Esq., #15052-49
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-Mail: acueller@lemberglaw.com
Attorneys for Plaintiff